Juanita R. Brooks, SBN 75934, brooks@fr.com
Jason W. Wolff, SBN 215819, wolff@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Michael A. Amon, SBN 226221, amon@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, *appearing pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, *appearing pro hac vice*, degnan@fr.com
Fish & Richardson P.C.
The McPherson Building
901 15th Street, N.W., 7th Floor
Washington, D.C. 20005
Phone:  202-783-5070 / Fax:  202-783-2331

*Attorneys for Defendant Apple Inc.*

*[Additional counsel identified on signature page]*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| QUALCOMM INCORPORATED, | Case No. 3:17-CV-2402-CAB-MDD |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS** |
| APPLE INCORPORATED, | Judge:        Hon. Cathy Ann Bencivengo |
| Defendant. | Courtroom:    4C |

Defendant Apple Inc. ("Apple") files its Answer and Counterclaims to Plaintiff Qualcomm Incorporated's ("Qualcomm" or "Plaintiff") Complaint.

## ANSWER

Apple responds to the allegations contained in the numbered paragraphs of Qualcomm's Complaint below.  Apple denies the allegations and characterizations in Qualcomm's Complaint unless expressly admitted in the following paragraphs.

## NATURE OF THE ACTION[1]

1.     Apple denies the allegations and characterizations in Paragraph 1 of the Complaint, but states that Qualcomm purports to seek relief through its Complaint.

2.     Apple admits that Qualcomm contributed to the development of standards related to how cellular phones connect to voice and data networks.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 2.

3.     Apple admits that Qualcomm contributed to the development of standards related to how cellular phones connect to voice and data networks.  To the extent Paragraph 3 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its design and development efforts since 1985, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 3, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 3.

---

[1] Apple repeats the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Response.  In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint.  Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

4.     To the extent Paragraph 4 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as Qualcomm's investments, the number of patents and patent applications Qualcomm owns, the reasons for such ownership, and the number of Qualcomm's licensees, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.  Apple denies the remaining allegations and characterizations contained in Paragraph 4.

5.     Apple admits that it sells mobile electronic products globally, but states that Apple's success is driven by its own creative achievement, technical innovation, differentiated technology, and astute business judgment.  Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations and characterizations contained in Paragraph 5 of the Complaint, and therefore denies them.  In addition, to the extent Paragraph 5 purports to describe matters outside Apple's knowledge and control, such as the nature of Qualcomm and third-party smartphones, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.[2]  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 5.

6.     Apple admits that Qualcomm has made claims regarding the scope of "Qualcomm's [alleged] technologies," but has not proven such allegations, as is its burden.  To the extent "Qualcomm's [alleged] technologies"  refers to the patents Qualcomm has asserted in this case, Apple denies any claim of infringement as to

_____

[2] To the extent any response is required to Footnote 1 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Footnote 1, and therefore denies them.

these patents, which do not "enable" or "enhance" any features of the accused products.  In addition, to the extent Paragraph 6 purports to describe matters outside Apple's knowledge and control, such as the practices of other major mobile device makers, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 6 of the Complaint, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 6.

7.     Apple denies the allegations and characterizations contained in Paragraph 7 of the Complaint.

8.     To the extent Paragraph 8 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its inventions, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 8, and therefore denies them.  Apple denies the remaining allegations and characterizations contained in Paragraph 8 of the Complaint.

9.     Apple admits that it designs and sells cellular-enabled devices, that it is a profitable company, and that its iPhones and other products are commercially successful, but states that Apple's and its products' commercial success are due to Apple's own creative achievement, technical innovation, differentiated technology, and astute business judgment.  Apple admits that Qualcomm purports to quote individual, isolated, statements of former Apple employees, and refers to the referenced 1994 interview of Mr. Jobs and article of Mr. Merritt for their contents

and context.[3, 4]  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 9 of the Complaint.

10.    Apple admits that it sued Qualcomm in this District, *see Apple Inc. v. Qualcomm Incorporated*, Case No. 3:17-cv-00108-GPC-MDD, asking the Court to put an end to Qualcomm's illegal, abusive, and anticompetitive business practices. Apple refers to its First Amended Complaint in that action for its content and context.  Apple admits that Qualcomm has entered into confidential licenses with specific Apple contract manufacturers ("CMs").  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 10 of the Complaint.

11.    To the extent Paragraph 11 of the Complaint implicates legal conclusions, no response is required.  Apple admits that Qualcomm has declared patents as allegedly essential to cellular standards and to other standards, but has not proven such allegations, as is its burden.  Apple admits that Qualcomm has alleged that it owns patents that are not essential to any industry standards but Qualcomm has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.  To the extent Paragraph 11 purports to describe matters within Qualcomm's knowledge and control, such as the alleged details of patents Qualcomm owns and licenses it has with other companies, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in

---

[3] To the extent any response is required to Footnote 2 of the Complaint, Apple refers to the 1994 interview of Mr. Jobs for its content and context.  Apple denies the remaining allegations and characterizations contained in this Footnote.

[4] To the extent any response is required to Footnote 3 of the Complaint, Apple refers to the article of Mr. Merritt for its contents and context.  Apple denies the remaining allegations and characterizations contained in this Footnote.

Paragraph 11, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 11.

12.   To the extent Paragraph 12 of the Complaint implicates legal conclusions, no response is required.  Apple admits that Qualcomm asserts six patents in this case,[5] which it claims are non-standard-essential, but has not proven such allegations as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.  Apple denies that it infringes any valid and enforceable claim of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 12.

13.   Apple admits that Qualcomm has previously ostensibly offered Apple a direct license to certain patents, but such offers have never been on reasonable terms.  Apple denies that Qualcomm has offered Apple a license specifically directed to any of the six Asserted Patents.  Apple admits that Qualcomm purports to seek relief through its Complaint.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 13 of the Complaint.

## PARTIES

14.   Apple admits that Qualcomm Incorporated is a publicly-traded corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5775 Morehouse Drive, San Diego, California 92121.  Apple admits that Qualcomm contributed to the development of standards related to how cellular phones connect to voice and data networks.  Apple admits that Qualcomm has alleged that it owns patents that supposedly reflect valuable

---

[5] U.S. Patent No. 8,971,861 (the "'861 patent"); U.S. Patent No. 7,834,591 (the "'591 patent"); U.S. Patent No. 8,768,865 (the "'865 patent"); U.S. Patent No. 8,229,043 (the "'043 patent"); U.S. Patent No. 8,447,132 (the "'132 patent"); and U.S. Patent No. 9,024,418 (the "'418 patent") (collectively, "the Asserted Patents").

cellular technologies, but Qualcomm has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to Qualcomm's patent portfolio in Paragraph 14 of the Complaint, and therefore denies them.  To the extent Paragraph 14 purports to describe matters within Qualcomm's knowledge and control, such as the number of patents and patent applications Qualcomm owns, the subject matter of such patents, the sources of Qualcomm's revenue and profit, and Qualcomm's sales volume, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 14.

15.    Apple admits that it is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California, 95014.  Apple admits that it designs and sells certain mobile electronic products globally.  Apple denies that any of its products infringes any of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16.    Apple admits that this Court has subject matter jurisdiction.

17.    Apple does not contest personal jurisdiction over Apple by this Court in this action.  Apple admits that it is incorporated in California.

18.    Qualcomm's venue allegation calls for a legal conclusion and therefore no answer is required.  Apple admits that it is incorporated in California, and that it sells mobile electronic devices at Apple Stores at 7007 Friars Rd., San Diego, CA 92108 and at 4505 La Jolla Village Dr., San Diego, CA 92122.  Apple denies that it has infringed any of the Asserted Patents.  Except as specifically admitted, Apple

denies the allegations and characterizations contained in Paragraph 18 of the Complaint.

## STATEMENT OF FACTS

### Qualcomm Background

19.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Qualcomm in Paragraph 19 of the Complaint, and therefore denies them.

20.    Apple admits that Qualcomm contributed to the development of certain standards related to how cellular phones connect to voice and data networks.  Apple admits that cellular phones deliver voice and data service and mobile computing to many consumers around the world.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 20 of the Complaint.

21.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.    Apple admits that Qualcomm contributed to the development of certain standards related to how cellular phones connect to voice and data networks.  To the extent Paragraph 22 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as Qualcomm's investments and internal development projects, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 22, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 22.

23.    Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to Qualcomm's patent portfolio in Paragraph 23 of the

Complaint, and therefore denies them.  To the extent Paragraph 23 purports to describe matters within Qualcomm's knowledge and control, such as the number of Qualcomm's licensees, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 23, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 23.

### Apple Background

24.    Apple admits that it sells mobile electronic products globally, that it is a profitable company, and that its iPhones and other products are commercially successful, and states that Apple's and its products' commercial success are due to Apple's own creative achievement, technical innovation, differentiated technology, and astute business judgment.  To the extent Paragraph 24 of the Complaint purports to describe matters outside Apple's knowledge and control, such as the money and influence possessed by "many countries," Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 24 and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 24.

### Qualcomm's Purported "Battery Charging" Technology

25.    Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, and claims that the Asserted Patents are non-standard essential, but has not proved such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to Qualcomm's patent portfolio in Paragraph 25 of the Complaint, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 25.

26.   Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of its role in "fast battery charging," or "Quick Charge" feature, and therefore denies them.[6]

27.   Apple admits that cellular communications device technology, like all technology, has posed and continues to pose certain engineering challenges.  Apple states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to battery life.  Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 27, and therefore denies them.

28.   Apple admits that cellular communications device technology, like all technology, has posed and continues to pose certain engineering challenges.  Apple states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to battery life and battery safety.  Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 28, and therefore Apple denies them.

29.   Apple admits that cellular communications device technology, like all technology, has posed and continues to pose certain engineering challenges.  Apple states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to battery life and battery safety.  Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 29, and therefore Apple denies them.

30.   To the extent Paragraph 30 of the Complaint implicates legal

---

[6] To the extent a response is required to Footnote 4 of the Complaint, the cited webpages are outside Apple's control and Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained therein.

conclusions, no response is required.  To the extent a response is required, Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 30, and therefore Apple denies them.

31.    Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 31, and therefore Apple denies them.

32.    Apple admits that Qualcomm purports to quote a 2016 Consumer Reports article.[7]  Apple is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 32, and therefore Apple denies them.

33.    To the extent Paragraph 33 purports to describe matters within Qualcomm's knowledge and control, such as the Qualcomm's interactions and relationship with Summit Microelectronic, Inc., Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 33, and therefore Apple denies them.[8]

34.    To the extent Paragraph 34 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that the front of the '591 patent lists Summit Microelectronics, Inc. as assignee.  Apple admits that Qualcomm purports to have acquired ownership of the

---

[7] To the extent a response is required to Footnote 5 of the Complaint, the cited webpages are outside Apple's control and Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained therein.

[8] To the extent a response is required to Footnotes 6, 7, and 8 of the Complaint, the cited webpages are outside Apple's control and Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained therein.

'591 patent from Summit Microelectronics, Inc.  Apple is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and characterizations in Paragraph 34, and therefore Apple denies them.

35.    Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 35, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 35.

36.    To the extent Paragraph 36 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Qualcomm purports to quote from an Apple website and refers to that source for its content and context.[9]  Apple states that it improves power consumption and battery life by improving all aspects of its mobile devices, including numerous optimizations of the hardware and software in its mobile devices.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 36, and therefore Apple denies them.

37.    To the extent Paragraph 37 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple states that it improves power consumption and battery life by improving all aspects of its mobile devices, including numerous optimizations of the hardware and software in its mobile devices.  Apple is without knowledge or information sufficient to form as belief as to the truth of the remaining allegations and characterizations in Paragraph 37, and therefore Apple denies them.

---

[9] To the extent any response is required to Footnote 9 of the Complaint, Apple refers to its website for its content and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnote 9.

## Qualcomm's Purported "Content Delivery" Technology

38.   To the extent Paragraph 38 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that cellular communications device technology, like all technology, has posed and continues to pose certain engineering challenges.  Apple states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to connectivity.  Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '861 patent in Paragraph 38, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 38.

39.   To the extent Paragraph 39 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to connectivity.  To the extent a response is required, Apple admits that it informs consumers as to its devices connectivity features and abilities.  Apple admits that it promoted the Apple Watch. Apple admits that Qualcomm purports to quote from Apple websites and refers to those sources for their contents and context.[10]  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 39.

40.   To the extent Paragraph 40 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple

---

[10] To the extent any response is required to Footnotes 10 through 12 of the Complaint, Apple refers to the websites for their contents and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 10 through 12.

states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to connectivity.  Apple admits that it promoted the Apple Watch.  Apple admits that Qualcomm purports to quote from an Apple website and refers to that source for its content and context.[11]  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 40.

41.    To the extent Paragraph 41 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple states that it improves all aspects of its mobile devices to meet the increasing demand of its users, including but not limited to connectivity.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 41.

42.    Apple denies the allegations and characterizations in Paragraph 42.

**Qualcomm's Purported "Machine Learning" Technology**

43.    To the extent Paragraph 43 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as its purported development of artificial intelligence technologies, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 43, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 43.

44.    Apple states that it aims to improve all aspects of its mobile devices to meet the increasing demand of its users, including that certain Apple iPhones support Siri, certain versions of which provide personalized suggestions.  Apple admits that Qualcomm purports to describe the content from an Apple webpage

---

[11] To the extent any response is required to Footnotes 13 through 14 of the Complaint, Apple refers to the websites for their contents and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 13 through 14.

regarding iOS Maps and refers to those sources for their contents and context.[12] Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 44.

45.   Apple denies the allegations and characterizations in Paragraph 45.

**Qualcomm's Purported "Stepped Gain Mixer" Technology**

46.   To the extent Paragraph 46 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '043 patent in Paragraph 46, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 46.

47.   Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 47, and therefore denies them.

48.   To the extent Paragraph 48 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '043 patent in Paragraph 48, and therefore denies

---

[12] To the extent any response is required to Footnote 15 of the Complaint, Apple refers to its website for its content and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnote 15.

them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 48.

### Qualcomm's Purported "Image Processing" Technology

49.   To the extent Paragraph 49 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '132 patent in Paragraph 49, and therefore denies them.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 49.

50.   To the extent Paragraph 50 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden.  Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '132 patent in Paragraph 50, and therefore denies them.  Apple admits that Qualcomm purports to quote an Apple employee in a third-party article and refers to that article for its content and context.[13]  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 50.

---

[13] To the extent a response is required to Footnote 16 of the Complaint, the cited webpage is outside Apple's control and Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained therein.

### Qualcomm's Purported "Circuitry" Technology

51. To the extent Paragraph 51 of the Complaint purports to describe matters within Qualcomm's knowledge and control, such as Qualcomm's purported innovations, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 51, and therefore denies them. Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations Paragraph 51, and therefore denies them.

52. To the extent Paragraph 52 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '418 patent in Paragraph 52, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 52.

53. Apple admits that certain Apple iPhones include an A10 processor. Apple admits that Qualcomm has made claims regarding the scope of its alleged patented technologies, but has not proven such allegations, as is its burden. Given Qualcomm's failure to make such a showing, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations relating to the '418 patent in Paragraph 53, and therefore denies them. Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 53.

### The Accused Devices

54. To the extent Paragraph 54 of the Complaint implicates legal conclusions, no response is required. Apple admits that Qualcomm accuses certain

Apple products of infringing the Asserted Patents.  Apple denies that any of its products practices or infringes any of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 54.

### The Patents-In-Suit

55.    To the extent Paragraph 55 of the Complaint implicates legal conclusions, no response is required.  Apple admits that Qualcomm identifies U.S. Patent No. 8,971,861 (the "'861 patent"); U.S. Patent No. 7,834,591 (the "'591 patent"); U.S. Patent No. 8,768,865 (the "'865 patent"); U.S. Patent No. 8,229,043 (the "'043 patent"); U.S. Patent No. 8,447,132 (the "'132 patent"); and U.S. Patent No. 9,024,418 (the "'418 patent") as the Asserted Patents.  Apple denies that Apple or any of its products infringes any of the Asserted Patents.  Except as specifically admitted, Apple denies the allegations and characterizations in Paragraph 55.

56.    Apple denies the allegations and characterizations in Paragraph 56.

### U.S. Patent No. 8,971,861

57.    Apple admits that the first page of the '861 patent lists an issue date of March 3, 2015, and identifies Qualcomm as assignee.  Apple admits that Qualcomm purports to have attached a copy of the '861 patent as Exhibit A to the Complaint. Apple denies that the '861 patent is valid and enforceable.  Apple denies that Apple or any of its products infringes any asserted claim of the '861 patent.  Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 57 of the Complaint, and therefore denies them.

58.    To the extent Paragraph 58 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 58 to the extent Qualcomm purports to attribute to the '861 patent anything not claimed therein.  Apple denies that the allegations and characterizations contained in Paragraph 58 constitute a complete and accurate description of the '861 patent.  Apple further denies the allegations and

characterizations contained in Paragraph 58 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents.  Apple further denies that the '861 patent discloses anything novel or nonobvious.  Apple denies any remaining allegations and characterizations contained in Paragraph 58.

**U.S. Patent No. 7,834,591**

59.   Apple admits that the first page of the '591 patent lists an issue date of November 16, 2010.  Apple admits that Qualcomm purports to be the current owner of the '591 patent.  Apple admits that Qualcomm purports to have attached a copy of the '591 patent as Exhibit B to the Complaint.  Apple denies that the '591 patent is valid and enforceable.  Apple denies that Apple or any of its products infringes any asserted claim of the '591 patent.  Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 59 of the Complaint, and therefore denies them.

60.   To the extent Paragraph 60 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 60 to the extent Qualcomm purports to attribute to the '591 patent anything not claimed therein.  Apple denies that the allegations and characterizations contained in Paragraph 60 constitute a complete and accurate description of the '591 patent.  Apple further denies the allegations and characterizations contained in Paragraph 60 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents.  Apple further denies that the '591 patent discloses anything novel or nonobvious.  Apple denies any remaining allegations and characterizations contained in Paragraph 60.

**U.S. Patent No. 8,768,865**

61.   Apple admits that the first page of the '865 patent lists an issue date of July 1, 2014, and identifies Qualcomm as assignee.  Apple admits that Qualcomm purports to have attached a copy of the '865 patent as Exhibit C to the Complaint.

Apple denies that the '865 patent is valid and enforceable.  Apple denies that Apple or any of its products infringes any asserted claim of the '865 patent.  Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 61 of the Complaint, and therefore denies them.

62.    To the extent Paragraph 62 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 62 to the extent Qualcomm purports to attribute to the '865 patent anything not claimed therein.  Apple denies that the allegations and characterizations contained in Paragraph 62 constitute a complete and accurate description of the '865 patent.  Apple further denies the allegations and characterizations contained in Paragraph 62 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents.  Apple further denies that the '865 patent discloses anything novel or nonobvious.  Apple denies any remaining allegations and characterizations contained in Paragraph 62.

**U.S. Patent No. 8,229,043**

63.    Apple admits that the first page of the '043 patent lists an issue date of July 24, 2012, and identifies Qualcomm as assignee.  Apple admits that Qualcomm purports to have attached a copy of the '043 patent as Exhibit D to the Complaint. Apple denies that the '043 patent is valid and enforceable.  Apple denies that Apple or any of its products infringes any asserted claim of the '043 patent.  Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 63 of the Complaint, and therefore denies them.

64.    To the extent Paragraph 64 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 64 to the extent Qualcomm purports to attribute to the '043 patent anything not claimed therein.  Apple denies that the

allegations and characterizations contained in Paragraph 64 constitute a complete and accurate description of the '043 patent. Apple further denies the allegations and characterizations contained in Paragraph 64 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '043 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 64.

**U.S. Patent No. 8,447,132**

65.     Apple admits that the first page of the '132 patent lists an issue date of May 21, 2013. Apple admits that Qualcomm purports to be the current owner of the '132 patent. Apple admits that Qualcomm purports to have attached a copy of the '132 patent as Exhibit E to the Complaint. Apple denies that the '132 patent is valid and enforceable. Apple denies that Apple or any of its products infringes any asserted claim of the '132 patent. Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 65 of the Complaint, and therefore denies them.

66.     To the extent Paragraph 66 of the Complaint implicates legal conclusions, no response is required. Apple denies the allegations and characterizations contained in Paragraph 66 to the extent Qualcomm purports to attribute to the '132 patent anything not claimed therein. Apple denies that the allegations and characterizations contained in Paragraph 66 constitute a complete and accurate description of the '132 patent. Apple further denies the allegations and characterizations contained in Paragraph 66 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents. Apple further denies that the '132 patent discloses anything novel or nonobvious. Apple denies any remaining allegations and characterizations contained in Paragraph 66.

**U.S. Patent No. 9,024,418**

67.    Apple admits that the first page of the '418 patent lists an issue date of May 5, 2015, and identifies Qualcomm as assignee.  Apple admits that Qualcomm purports to have attached a copy of the '418 patent as Exhibit F to the Complaint. Apple denies that the '418 patent is valid and enforceable.  Apple denies that Apple or any of its products infringes any asserted claim of the '418 patent.  Except as specifically admitted, Apple is currently without knowledge or information sufficient to form a belief as to the truth of any allegations and characterizations contained in Paragraph 67 of the Complaint, and therefore denies them.

68.    To the extent Paragraph 68 of the Complaint implicates legal conclusions, no response is required.  Apple denies the allegations and characterizations contained in Paragraph 68 to the extent Qualcomm purports to attribute to the '418 patent anything not claimed therein.  Apple denies that the allegations and characterizations contained in Paragraph 68 constitute a complete and accurate description of the '418 patent.  Apple further denies the allegations and characterizations contained in Paragraph 68 to the extent the allegations relate in any way to a proposed construction of any claim of the Asserted Patents.  Apple further denies that the '418 patent discloses anything novel or nonobvious.  Apple denies any remaining allegations and characterizations contained in Paragraph 68.

## COUNT 1

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,971,861)

69.    Paragraphs 1–68 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–68.

70.    To the extent Paragraph 70 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 70 of the Complaint, including because Apple does not infringe the '861 patent and because

Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 70.

71.   Apple denies the allegations and characterizations contained in Paragraph 71 of the Complaint.

72.   To the extent Paragraph 72 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the Apple Watch is capable of heart rate and motion monitoring.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 72 of the Complaint.

73.   To the extent Paragraph 73 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the Apple Watch is capable of is capable of heart rate and motion monitoring.  Except as specifically admitted and to the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 73 of the Complaint.

74.   Apple denies the allegations and characterizations contained in Paragraph 74 of the Complaint.

75.   To the extent Paragraph 75 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that Qualcomm purports to quote from Apple websites and refers those sources for the contents and context.[14]  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 75 of the Complaint.

---

[14] To the extent any response is required to Footnotes 17 through 20 of the Complaint, Apple refers to the websites for their contents and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 17 and 20.

76.    To the extent Paragraph 76 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 76 of the Complaint.

77.    To the extent Paragraph 77 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the Apple Watch is compatible with the iPhone 5 or later.  Apple admits that the accused devices contain one or more processors, such as in some instances the A9 or A10 processors.  Apple admits that the processors are capable of executing certain processor-readable instructions.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 77 of the Complaint.[15]

78.    To the extent Paragraph 78 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 78 of the Complaint.

79.    To the extent Paragraph 79 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 79 of the Complaint.

80.    To the extent Paragraph 80 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 80 of the Complaint.

---

[15] To the extent a response is required to Footnotes 21 and 22 of the Complaint, Apple refers to the websites for their contents and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 21 and 22.

81.    To the extent Paragraph 81 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 81 of the Complaint.

82.    To the extent Paragraph 82 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 82 of the Complaint.

83.    To the extent Paragraph 83 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 83 of the Complaint.

84.    To the extent Paragraph 84 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it has known of the '861 patent at least as of November 29, 2017, when Qualcomm filed this lawsuit.  Apple admits that its customers and/or end users of the Apple Watch, the iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone 7 Plus operate and/or operated certain of these devices in the United States. Apple admits that it provides and/or provided user manuals for certain of these devices.  To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 84, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 84 of the Complaint.

85.    To the extent Paragraph 85 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells and/or imported and sold certain of its Apple Watch, iPhone 5, iPhone 5C, iPhone 5S,

iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone 7, and iPhone 7 Plus in the United States.  Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 85 of the Complaint.

86.   Apple denies the allegations and characterizations contained in Paragraph 86 of the Complaint.

87.   Apple denies the allegations and characterizations contained in Paragraph 87 of the Complaint.

## COUNT 2

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 7,834,591)

88.   Paragraphs 1–87 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–87.

89.   To the extent Paragraph 89 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 89 of the Complaint, including because Apple does not infringe the '591 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 89.

90.   Apple denies the allegations and characterizations contained in Paragraph 90 of the Complaint.

91.   To the extent Paragraph 91 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the accused devices are capable of charging via USB but denies all other allegations and characterizations contained in Paragraph 91 of the Complaint.

92.   Apple denies the allegations and characterizations contained in Paragraph 92 of the Complaint.

93.    To the extent Paragraph 93 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the accused devices identified in Paragraph 90 of the Complaint are capable of charging via USB.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 93 of the Complaint, including on information and belief.[16]

94.    To the extent Paragraph 94 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 94 of the Complaint.

95.    To the extent Paragraph 95 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 95 of the Complaint.

96.    To the extent Paragraph 96 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 96 of the Complaint.

97.    To the extent Paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 97 of the Complaint.

98.    To the extent Paragraph 98 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required,

---

[16] To the extent a response is required to Footnote 23 of the Complaint, the cited webpages are outside Apple's control and Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained therein.

Apple admits that the accused devices are capable of charging via USB but denies all other allegations and characterizations contained in Paragraph 98 of the Complaint.

99.   To the extent Paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 99 of the Complaint.

100.  To the extent Paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 100 of the Complaint.

101.  To the extent Paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 101 of the Complaint.

102.  To the extent Paragraph 102 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that certain USB power adaptors for iPhones are rated 1A.  Apple admits that Qualcomm purports to cite to an Apple website and refers to that source for its content and context.[17] Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 102 of the Complaint.

103.  To the extent Paragraph 103 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 103 of the Complaint.

---

[17] To the extent a response is required to Footnote 24 of the Complaint, Apple refers to its website for its content and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnote 24.

104. To the extent Paragraph 104 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 104 of the Complaint.

105. To the extent Paragraph 105 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 105 of the Complaint.

106. To the extent Paragraph 106 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that certain USB power adaptors for iPhones are rated 1A. Apple admits that Qualcomm purports to cite to an Apple website and refers to that source for its content and context.[18] Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 106 of the Complaint.

107. To the extent Paragraph 107 of the Complaint implicates legal conclusions, no response is required. Apple admits that it learned of the '591 patent as of November 29, 2017, when Qualcomm filed this lawsuit. Apple admits that its customers and/or end users of the iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPad mini 4, the 12.9" 2015 iPad Pro, and the 2015 MacBook operate and/or operated certain of these devices in the United States. Apple admits that it provides and/or provided user manuals for certain of these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 107, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis.

---

[18] To the extent a response is required to Footnote 25 of the Complaint, Apple refers to its website for its content and context. Except as specifically admitted, Apple denies any allegations and characterizations in Footnote 25.

Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 107 of the Complaint.

108.  To the extent Paragraph 108 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells and/or imported and sold certain of its iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPad mini 4, the 12.9" 2015 iPad Pro, and the 2015 MacBook in the United States.  Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 108 of the Complaint.

109.  Apple denies the allegations and characterizations contained in Paragraph 109 of the Complaint.

110.  Apple denies the allegations and characterizations contained in Paragraph 110 of the Complaint.

## COUNT 3

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,768,865)

111.  Paragraphs 1–110 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–110.

112.  To the extent Paragraph 112 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 112 of the Complaint, including because Apple does not infringe the '865 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 112.

113.  Apple denies the allegations and characterizations contained in Paragraph 113 of the Complaint.

114.  To the extent Paragraph 114 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that certain of the iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad Pro with Wi-Fi and cellular, iPad Air and later with Wi-Fi and cellular, iPad 2 and later with Wi-Fi and cellular, and iPad mini and later with Wi-Fi and cellular have GPS and Bluetooth capability and are capable of making suggestions to a user, but denies all other allegations and characterizations contained in Paragraph 114 of the Complaint.

115.  To the extent Paragraph 115 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that certain of the iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad Pro with Wi-Fi and cellular, iPad Air and later with Wi-Fi and cellular, iPad 2 and later with Wi-Fi and cellular, and iPad mini and later with Wi-Fi and cellular have GPS, Wi-Fi, and Bluetooth capability, and that certain of these devices incorporate Proactive Suggestions.  Apple admits that Qualcomm purports to cite to Apple websites and refers to those sources for their contents and context.[19]  Apple admits that Qualcomm purports to cite to certain third-party articles regarding predictive technology and refers to those articles for their contents and context.[20] Except as specifically admitted and to the extent that a response is required, Apple

---

[19] To the extent a response is required to Footnotes 26 and 27 of the Complaint, Apple refers to its websites for their contents and context.  Except as specifically admitted, Apple denies any allegations and characterizations in Footnotes 26 and 27.

[20]  To the extent a response is required to Footnotes 28 through 30 of the Complaint, the cited webpages are outside Apple's control and Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained therein.

denies the allegations and characterizations contained in Paragraph 115 of the Complaint.[21]

116. To the extent Paragraph 116 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple admits that certain of the iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad Pro with Wi-Fi and cellular, iPad Air and later with Wi-Fi and cellular, iPad 2 and later with Wi-Fi and cellular, and iPad mini and later with Wi-Fi and cellular have accelerometer, GPS, and Wi-Fi functionality. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 116 of the Complaint.

117. To the extent Paragraph 117 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 117 of the Complaint.

118. To the extent Paragraph 118 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 118 of the Complaint.

119. To the extent Paragraph 119 of the Complaint implicates legal conclusions, no response is required. Apple admits that it learned of the '865 patent as of November 29, 2017, when Qualcomm filed this lawsuit. Apple admits that its customers and/or end users of the iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7

---

[21] To the extent a response is required to Footnotes 26–30 of the Complaint, Apple denies that the cited webpages support the allegations and characterizations contained in Paragraph 115, and denies that Footnote 26 of the Complaint accurately summarizes the cited webpage because, as one nonlimiting example, it misquotes the cited webpage and omits context.

Plus, iPad Pro with Wi-Fi and cellular, iPad Air and later with Wi-Fi and cellular, iPad 2 and later with Wi-Fi and cellular, and iPad mini and later with Wi-Fi and cellular operate and/or operated certain of these devices in the United States.  Apple admits that it provides and/or provided user manuals for certain of these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 119, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 119 of the Complaint.

120.  To the extent Paragraph 120 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells and/or imported and sold certain of its iPhone 4S, iPhone 5, iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPad Pro with Wi-Fi and cellular, iPad Air and later with Wi-Fi and cellular, iPad 2 and later with Wi-Fi and cellular, and iPad mini and later with Wi-Fi and cellular in the United States.  Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 120 of the Complaint.

121.  Apple denies the allegations and characterizations contained in Paragraph 121 of the Complaint.

122.  Apple denies the allegations and characterizations contained in Paragraph 122 of the Complaint.

## COUNT 4

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,229,043)

123.  Paragraphs 1–122 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1– 122.

124. To the extent Paragraph 124 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 124 of the Complaint, including because Apple does not infringe the '043 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 124.

125. Apple denies the allegations and characterizations contained in Paragraph 125 of the Complaint.

126. To the extent Paragraph 126 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 126 of the Complaint, including on information and belief.

127. Apple denies the allegations and characterizations contained in Paragraph 127 of the Complaint.

128. To the extent Paragraph 128 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 128 of the Complaint, including on information and belief.

129. To the extent Paragraph 129 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 129 of the Complaint, including on information and belief.

130. To the extent Paragraph 130 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 130 of the Complaint, including on information and belief.

131. To the extent Paragraph 131 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required,

Apple denies the allegations and characterizations contained in Paragraph 131 of the Complaint, including on information and belief.

132.  To the extent Paragraph 132 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 132 of the Complaint, including on information and belief.

133.  To the extent Paragraph 133 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 133 of the Complaint, including on information and belief.

134.  To the extent Paragraph 134 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it has known of the '043 patent as of November 29, 2017, when Qualcomm filed this lawsuit.  Apple admits that its customers and/or end users of the iPhone 7 and iPhone 7 Plus operate these devices in the United States.  Apple admits that it provides user manuals for these devices.  To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 134, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 134 of the Complaint.

135.  To the extent Paragraph 135 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells its iPhone 7 and iPhone 7 Plus in the United States.  Apple admits that it sells these devices to resellers, retailers, and end users.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 135 of the Complaint.

136.  Apple denies the allegations and characterizations contained in Paragraph 136 of the Complaint.

137.  Apple denies the allegations and characterizations contained in Paragraph 137 of the Complaint.

## COUNT 5

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 8,447,132)

138.  Paragraphs 1–137 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–137.

139.  To the extent Paragraph 139 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 139 of the Complaint, including because Apple does not infringe the '132 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 139.

140.  Apple denies the allegations and characterizations contained in Paragraph 140 of the Complaint.

141.  To the extent Paragraph 141 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the accused devices' camera feature is capable of a manner of body and face detection.  Apple admits that the iPhone 7 Plus includes "Portrait" mode among its features.  Except as specifically admitted and to the extent that a response is required, Apple denies all other allegations and characterizations contained in Paragraph 141 of the Complaint, including on information and belief.

142.  To the extent Paragraph 142 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that the iPhone 7 Plus, iPhone 8 Plus, and iPhone X include "Portrait" mode among their features.  Apple admits that Qualcomm purports to cite to and/or

quote from an Apple website and refers to that source for its content and context.[22]
Except as specifically admitted and to the extent that a response is required, Apple
denies the allegations and characterizations contained in Paragraph 142 of the
Complaint.

143. To the extent Paragraph 143 of the Complaint implicates legal
conclusions, no response is required. To the extent that a response is required,
Apple denies the allegations and characterizations contained in Paragraph 143 of the
Complaint.

144. To the extent Paragraph 144 of the Complaint implicates legal
conclusions, no response is required. To the extent that a response is required,
Apple denies the allegations and characterizations contained in Paragraph 144 of the
Complaint.

145. To the extent Paragraph 145 of the Complaint implicates legal
conclusions, no response is required. Apple admits that it learned of the '132 patent
as of November 29, 2017, when Qualcomm filed this lawsuit. Apple admits that its
customers and/or end users of the iPhone 7 and iPhone 7 Plus with iOS 10.1 and
above, iPhone 8 Plus with iOS 11.0 and above, and iPhone X with iOS 11.0 and
above operate and/or operated certain of these devices in the United States. Apple
admits that it provides and/or provided user manuals for certain of these devices.
To the extent Apple is without knowledge or information sufficient to form a belief
as to the truth of any of the allegations in Paragraph 145, for example, because they
implicate information in the possession and control of resellers, retailers, and end
users, Apple denies those allegations on that basis. Except as specifically admitted,
Apple denies the allegations and characterizations contained in Paragraph 145 of the
Complaint.

---

[22] To the extent a response is required to Footnote 31 of the Complaint, Apple refers
to its website for its content and context. Except as specifically admitted, Apple
denies any allegations and characterizations in Footnote 31.

146.  To the extent Paragraph 146 of the Complaint implicates legal conclusions, no response is required.  Apple admits that it imports and sells and/or imported and sold certain of its iPhone 7 and iPhone 7 Plus with iOS 10.1 and above, iPhone 8 Plus with iOS 11.0 and above, and iPhone X with iOS 11.0 and above in the United States.  Apple admits that it sells and/or sold certain of these devices to resellers, retailers, and/or end users.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 146 of the Complaint.

147.  Apple denies the allegations and characterizations contained in Paragraph 147 of the Complaint.

148.  Apple denies the allegations and characterizations contained in Paragraph 148 of the Complaint.

## COUNT 6

## ([ALLEGED] PATENT INFRINGEMENT – U.S. PATENT NO. 9,024,418)

149.  Paragraphs 1–148 of Apple's Answer are incorporated by reference as if set forth in full herein; Apple repeats and incorporates its Answer to Paragraphs 1–148.

150.  To the extent Paragraph 150 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 150 of the Complaint, including because Apple does not infringe the '418 patent and because Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 150.

151.  Apple denies the allegations and characterizations contained in Paragraph 151 of the Complaint.

152.  Apple denies the allegations and characterizations contained in Paragraph 152 of the Complaint.

153.  To the extent Paragraph 153 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple admits that each iPhone 7 and iPhone 7 Plus contain an A10 processor that includes at least one circuit.  Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 153 of the Complaint, including on information and belief.

154.  To the extent Paragraph 154 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 154 of the Complaint, including on information and belief.

155.  To the extent Paragraph 155 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 155 of the Complaint, including on information and belief.

156.  To the extent Paragraph 156 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 156 of the Complaint, including on information and belief.

157.  To the extent Paragraph 157 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 157 of the Complaint, including on information and belief.

158.  To the extent Paragraph 158 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 158 of the Complaint, including on information and belief.

159.  To the extent Paragraph 159 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required,

Apple denies the allegations and characterizations contained in Paragraph 159 of the Complaint, including on information and belief.

160. To the extent Paragraph 160 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 160 of the Complaint, including on information and belief.

161. To the extent Paragraph 161 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 161 of the Complaint, including on information and belief.

162. To the extent Paragraph 162 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 162 of the Complaint, including on information and belief.

163. To the extent Paragraph 163 of the Complaint implicates legal conclusions, no response is required. Apple admits that it learned of the '418 patent as of November 29, 2017, when Qualcomm filed this lawsuit. Apple admits that its customers and/or end users of the iPhone 7 and iPhone 7 Plus operate these devices in the United States. Apple admits that it provides user manuals for these devices. To the extent Apple is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 163, for example, because they implicate information in the possession and control of resellers, retailers, and end users, Apple denies those allegations on that basis. Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 163 of the Complaint.

164. To the extent Paragraph 164 of the Complaint implicates legal conclusions, no response is required. Apple admits that it imports and sells its iPhone 7 and iPhone 7 Plus in the United States. Apple admits that it sells these

devices to resellers, retailers, and end users.  Except as specifically admitted, Apple denies the allegations and characterizations contained in Paragraph 164 of the Complaint.

165.  Apple denies the allegations and characterizations contained in Paragraph 165 of the Complaint.

166.  Apple denies the allegations and characterizations contained in Paragraph 166 of the Complaint.

## PRAYER FOR RELIEF

Apple denies that Qualcomm is entitled to any relief whatsoever, whether as sought in the Prayer for Relief of its Complaint for Patent Infringement or otherwise, in connection with this civil action.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST DEFENSE

167.  Qualcomm's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE

168.  Qualcomm's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or of any other applicable statutory provisions of Title 35 of the United States Code.  Paragraphs 21-23, 30-32, 39-41, 48-50, 57-59, and 66-68 of Apple's Counterclaims are incorporated by reference as if set forth in full herein.  The prior art identified in these paragraphs is exemplary

only and should not be construed as limiting in any way the defenses that Apple will present in this case.

### THIRD DEFENSE

169.  Qualcomm's claims are barred in whole or in part by reason of estoppel.

170.  Qualcomm is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosure or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

### FOURTH DEFENSE

171.  Qualcomm's claims are barred in whole or in part as a result of patent exhaustion and/or a license to the Asserted Patents.

172.  For example, Apple is licensed to the extent any agreement between Qualcomm and an Apple contract manufacturer extends to Apple or any accused products.  Further, to the extent the claims of one or more of the Asserted Patents are licensed by an Apple contract manufacturer and/or substantially embodied in an end product or component purchased by Apple from a seller authorized by Qualcomm, Qualcomm's patent rights are exhausted.  The allegations set forth herein are made on information and belief of Apple and are subject to the discovery of additional evidence.

### FIFTH DEFENSE

173.  Qualcomm's remedies are limited under 28 U.S.C. § 1498(a).  Apple is not liable to the extent the accused products were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

**SIXTH DEFENSE**

174.  To the extent that Qualcomm and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Qualcomm for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

175.  Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

**COUNTERCLAIMS**

Counterclaimant Apple Inc. ("Apple"), through its undersigned counsel, counterclaims and alleges against Qualcomm Incorporated as follows:

**PARTIES**

1.     Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple designs, manufactures, and markets mobile communication and media devices, personal computers, and portable music players, as well as related software, accessories, and content.

2.     Qualcomm Incorporated ("Qualcomm") is a Delaware corporation having its principal place of business at 5775 Morehouse Drive, San Diego, California 92121.   Qualcomm a global semiconductor company that designs and markets wireless telecommunications products and services.

3.     Qualcomm has offices and employees in this District and regularly conducts business in this District.

**JURISDICTION**

4.     Apple brings these counterclaims under, *inter alia*, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), and 2201 and 2202 (declaratory judgment), 1367(a)(supplemental jurisdiction).

5.     Qualcomm is subject to the personal jurisdiction of this Court for at least the reason that, in filing its Complaint, Qualcomm has submitted to the personal jurisdiction of this Court.  Qualcomm is further subject to the personal jurisdiction of this Court for at least the reasons that its principal place of business is in this District, it has offices and employees in this District, and regularly conducts business in this District.

6.     To the extent that venue is proper for Qualcomm's claims, venue is also proper for these counterclaims under 28 U.S.C. §§ 1391(b) and 1391(c).  Venue for the patent infringement counterclaims is also proper under 28 U.S.C. § 1400(b).  Qualcomm has consented to venue in this District by bringing this action.

**DECLARATORY JUDGMENT COUNTERCLAIMS**

**QUALCOMM'S PATENTS-IN-SUIT**

7.     Qualcomm purports to be the owner of U.S. Patent No. 8,971,861 ("the '861 patent").  The first page of the '861 patent lists an issue date of March 3, 2015 and identifies Qualcomm as assignee.  Qualcomm purports to have attached a copy of the '861 patent as Exhibit A to the Complaint.

8.     Qualcomm purports to be the owner of U.S. Patent No. 7,834,591 ("the '591 patent").  The first page of the '591 patent lists an issue date of November 16, 2010, and identifies Summit Microelectronics, Inc. as assignee.  Qualcomm purports to have attached a copy of the '591 patent as Exhibit B to the Complaint.

9.     Qualcomm purports to be the owner of U.S. Patent No. 8,768,865 ("the '865 patent").  The first page of the '865 patent lists an issue date of July 1, 2014,

and identifies Qualcomm as assignee. Qualcomm purports to have attached a copy of the '865 patent as Exhibit C to the Complaint.

10. Qualcomm purports to be the owner of U.S. Patent No. 8,229,043 ("the '043 patent"). The first page of the '043 patent lists an issue date of July 24, 2012, and identifies Qualcomm as assignee. Qualcomm purports to have attached a copy of the '043 patent as Exhibit D to the Complaint.

11. Qualcomm purports to be the owner of U.S. Patent No. 8,447,132 ("the '132 patent"). The first page of the '132 patent lists an issue date of May 21, 2013, and identifies CSR Technology, Inc. as assignee. Qualcomm purports to have attached a copy of the '132 patent as Exhibit E to the Complaint.

12. Qualcomm purports to be the owner of U.S. Patent No. 9,024,418 ("the '418 patent"). The first page of the '418 patent lists an issue date of May 5, 2015, and identifies Qualcomm as assignee. Qualcomm purports to have attached a copy of the '418 patent as Exhibit F to the Complaint.

13. Qualcomm has alleged that acts by Apple infringe the '861, '591, '865, '043, '132, and '418 patents (collectively, "the Asserted Patents").

14. Accordingly, an actual controversy exists between Apple and Qualcomm regarding the alleged infringement, validity, enforceability of the Asserted Patents. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

## COUNT I

### Declaration of Noninfringement of U.S. Patent No. 8,971,861

15. Apple restates and incorporates by reference each of the allegations set forth above.

16. Qualcomm purports to charge Apple with infringement of the '861 patent in its Complaint. (Dkt. 1 [Complaint] at Count 1.)

17. No asserted claim of the '861 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of

equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

18.   For example, Qualcomm purports to charge Apple with infringement of claims 1, 10, 19, and 26 of the '861 patent.  Claims 1, 10, 19, and 26 of the '861 patent read as follows (claim element enumeration added for convenience):

| Claim 1 | |
| --- | --- |
| [a] | A method for selecting content for delivery, the method comprising: |
| [b] | receiving, by a host computer system, from a mobile device, physiological state data collected from a user of the mobile device; |
| [c] | analyzing, by the host computer system, the physiological state data collected from the user of the mobile device |
| [d] | selecting, by the host computer system, content from a plurality of predefined content to deliver to the mobile device at least partially based on the physiological state data collected from the user, the selected content not including the physiological state data collected from the user; and |
| [e] | transmitting, by the host computer system, the selected content to the mobile device. |

| Claim 10 | |
| --- | --- |
| [a] | A system for selecting content for delivery, the system comprising: |
| [b] | one or more processors; and |
| [c] | a memory communicatively coupled with and readable by the one or more processors and having stored therein processor-readable instructions which, when executed by the one or more processors, cause the one or more processors to: |
| [d] | receive, from a mobile device, physiological state data collected from a user of the mobile device; |

| | | |
|---|---|---|
| [e] | | analyze the physiological state data collected from the user of the mobile device; |
| [f] | | select content from a plurality of predefined content to deliver to the mobile device at least partially based on the physiological state data collected from the user, the selected content not including the physiological state data collected from the user; and |
| [g] | | cause the selected content to be transmitted to the mobile device. |

| Claim 19 | |
|---|---|
| [a] | A non-transitory processor-readable medium for selecting content for delivery, comprising processor-readable instructions configured to cause one or more processors to: |
| [b] | receive, from a mobile device, physiological state data collected from a user of the mobile device; |
| [c] | analyze the physiological state data collected from the user of the mobile device; |
| [d] | select content from a plurality of predefined content to deliver to the mobile device at least partially based on the physiological state data collected from the user, the selected content not including the physiological state data collected from the user; and |
| [e] | cause the selected content to be transmitted to the mobile device. |

| Claim 26 | |
|---|---|
| [a] | An apparatus for selecting content for delivery, the apparatus comprising: |
| [b] | means for receiving, from a mobile device, physiological state data collected from a user of the mobile device; |
| [c] | means for analyzing the physiological state data collected from the user of the mobile device; |

| [d] | means for selecting content from a plurality of predefined content to deliver to the mobile device at least partially based on the physiological state data collected from the user, the selected content not including the physiological state data collected from the user; and |
|-----|---|
| [e] | means for transmitting the selected content to the mobile device. |

19.   Claims 1, 10, 19, and 26 of the '861 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[b], 1[d], 10[f], 19[d], 26[d].

20.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '861 patent.

**COUNT II**

**Declaration of Invalidity of U.S. Patent No. 8,971,861**

21.   One or more claims of the '861 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112.  By way of non-limiting example, the representative claim, claim 1, of the '861 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 8,109,874.

22.   U.S. Patent Application 2004/0117212, which resulted in U.S. Patent No. 8,109,874, published on June 17, 2004.  Because the publication date of this patent application predates the earliest application to which the '861 patent claims priority by more than one year, it qualifies as prior art under at least 35 U.S.C. § 102(b).

23.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '861 patent is invalid.

## COUNT III

### Declaration of Noninfringement of U.S. Patent No. 7,834,591

24.   Apple restates and incorporates by reference each of the allegations set forth above.

25.   Qualcomm purports to charge Apple with infringement of the '928 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 2.)

26.   No asserted claim of the '591 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

27.   For example, Qualcomm purports to charge Apple with infringement of claims 1 and 8 of the '591 patent.  Claims 1 and 8 of the '591 patent read as follows (claim element enumeration added for convenience):

| Claim 1 | |
|---|---|
| [a] | A Universal Serial Bus (USB) battery charger comprising: |
| [b] | a switching regulator having at least one switching transistor, the switching transistor having a first input and a first output, wherein the first input of the switching transistor is coupled to a USB power source; and |
| [c] | a filter having a first input and a first output, wherein the first input of the filter is coupled to the first output of the switching transistor; |
| [d] | wherein the switching regulator is configured to receive a USB voltage, and generate a switching signal to a control terminal of the switching transistor, and wherein a switching current and a switching voltage at the output of the switching transistor are coupled through the filter to a battery to generate a |

| | filtered current and a filtered voltage to charge the battery, wherein the battery is coupled to the first output of the filter, |
|---|---|
| [e] | wherein the filtered current is greater than a first input current into the first input of the switching transistor, and the filtered current is reduced, in a current control mode, as a voltage on the battery increases. |

| Claim 8 | |
|---|---|
| [a] | A method of charging a battery from a Universal Serial Bus (USB) port comprising: |
| [b] | receiving a first input voltage and a first input current at an input of a switching regulator from a USB power source; |
| [c] | coupling a switching output voltage and current from the switching regulator through a filter to a terminal of a battery; and |
| [d] | generating a first output voltage and a first output current at the terminal of the battery; |
| [e] | wherein the first input voltage is greater than the first output voltage on the battery, the first output current to the battery is greater than the first input current, and wherein the first output current is reduced, in a current control mode, as the first output voltage on the battery increases. |

28.   Claims 1 and 8 of the '591 patent have not been infringed, and are not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[e] and 8[e].

29.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '591 patent.

## COUNT IV

### Declaration of Invalidity of U.S. Patent No. 7,834,591

30.   One or more claims of the '591 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '591 patent is anticipated and/or rendered obvious in view of U.S. Patent App. Pub. 2004/0164708.

31.   U.S. Patent App. Pub. 2004/0164708 published on August 26, 2004 from an application that was filed on February 21, 2003.  Because the publication date of this reference predates the earliest application to which the '591 patent claims priority by more than one year, it qualifies as prior art under at least 35 U.S.C. § 102(b).

32.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '591 patent is invalid.

## COUNT V

### Declaration of Noninfringement of U.S. Patent No. 8,768,865

33.   Apple restates and incorporates by reference each of the allegations set forth above.

34.   Qualcomm purports to charge Apple with infringement of the '865 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 3.)

35.   No asserted claim of the '865 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

36.    For example, Qualcomm purports to charge Apple with infringement of claim 1 of the '865 patent.  Claim 1 of the '865 patent read as follows (claim element enumeration added for convenience):

| Claim 1 | |
|---|---|
| [a] | A method comprising: |
| [b] | monitoring, at a mobile device, input signals from a plurality of information sources associated with said mobile device; |
| [c] | detecting at least one condition based, at least in part, on at least one of said monitored input signals; |
| [d] | identifying a first pattern based, at least in part, on said at least one detected condition; and |
| [e] | fixing a subset of varying parameters associated with said first pattern by associating at least one parameter of said subset of varying parameters with said first pattern to represent said at least one detected condition, said varying parameters derived, at least in part, from said monitored input signals. |

37.    Claim 1 of the '865 patent has not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[e].

38.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '865 patent.

## COUNT VI

### Declaration of Invalidity of U.S. Patent No. 8,768,865

39.   One or more claims of the '865 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '865 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 8,560,267.

40.   U.S. Patent No. 8,560,267 issued on October 15, 2013 from an application that was filed on September 16, 2010.  Because the filing date of this reference predates the earliest application to which the '865 patent claims priority, it qualifies as prior art under at least 35 U.S.C. § 102(e).

41.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that one or more claims of the '865 patent is invalid.

## COUNT VII

### Declaration of Noninfringement of U.S. Patent No. 8,229,043

42.   Apple restates and incorporates by reference each of the allegations set forth above.

43.   Qualcomm purports to charge Apple with infringement of the '940 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 4.)

44.   No asserted claim of the '043 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

45.   For example, Qualcomm purports to charge Apple with infringement of claims 1 and 17 of the '043 patent.  Claims 1 and 17 of the '043 patent read as follows (claim element enumeration added for convenience):

| Claim 1 |
| --- |
| [a] | A device comprising: |
| [b] | (a) an amplifier having an output lead; |
| [c] | (b) a first transistor having a source lead, a drain lead and a gate lead; |
| [d] | (c) a second transistor having a source lead, a drain lead and a gate lead, wherein the output lead of the amplifier is coupled to the source lead of the first transistor and to the source lead of the second transistor; and |
| [e] | (d) a switch, wherein the drain lead of the first transistor is coupled to the drain lead of the second transistor through the switch when the switch is closed, and wherein an oscillating signal is present on the gate lead of the first transistor and on the gate lead of the second transistor. |

| Claim 17 |
| --- |
| [a] | A method comprising: |
| [b] | (a) receiving a radio frequency input signal onto a source lead of a first transistor and onto a source lead of a second transistor; |
| [c] | (b) outputting a baseband signal from a drain lead of the first transistor, wherein the baseband signal has a current with a magnitude; and |
| [d] | (c) increasing the magnitude of the current of the baseband signal by coupling the drain lead of the first transistor to a drain lead of the second transistor, wherein the drain lead of the first transistor is coupled to the drain lead of the second transistor by closing a switch that is coupled to both the drain lead of the first transistor and the drain lead of the second transistor. |

46.    Claims 1 and 17 of the '043 patent have not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at

least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 1[e] and 17[d].

47.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '043 patent.

## COUNT VIII

### Declaration of Invalidity of U.S. Patent No. 8,229,043

48.    One or more claims of the '043 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '043 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 7,171,184.

49.    U.S. Patent No. 7,171,184 issued on January 30, 2007 from an application that was filed on April 29, 2004 and published on November 24, 2005. Because the publication date of this reference predates by more than one year the earliest application to which the '043 patent claims priority, it qualifies as prior art under at least 35 U.S.C. § 102(b).

50.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that one or more claims of the '043 patent is invalid.

## COUNT IX

### Declaration of Noninfringement of U.S. Patent No. 8,447,132

51.    Apple restates and incorporates by reference each of the allegations set forth above.

52.    Qualcomm purports to charge Apple with infringement of the '132 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 5.)

53.    No asserted claim of the '132 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of

equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

54.   For example, Qualcomm purports to charge Apple with infringement of claim 21 of the '132 patent.  Claim 21 of the '132 patent read as follows (claim element enumeration added for convenience):

| **Claim 21** | |
|---|---|
| [a] | An image processing unit comprising: |
| [b] | an object detection unit to receive an intensity value for each of a plurality of pixels in a set of digital image data and to determine that a first portion of the set of digital image data represents a physical object of a predetermined type; and |
| [c] | a correction unit to determine a type or amount of correction to apply to the first portion of the set of digital image data, based on an output of the object detection unit, and to apply the determined type or amount of correction to the first portion of the set of digital image data, and to apply a different type or amount of correction to a second portion of the set of digital image data which does not represent a physical object of the predetermined type. |

55.   Claim 21 of the '132 patent have not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations: 21[b] and 21[c].

56.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '132 patent.

## COUNT X

### Declaration of Invalidity of U.S. Patent No. 8,447,132

57.   One or more claims of the '132 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq*., including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 21, of the '132 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 7,580,566.

58.   U.S. Patent Application 2004/0184671, which resulted in U.S. Patent No. 7,580,566, published on September 23, 2004.  Because the publication date of this patent application predates the earliest application to which the '132 patent claims priority by more than one year, it qualifies as prior art under at least 35 U.S.C. § 102(b).

59.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that one or more claims of the '132 patent is invalid.

## COUNT XI

### Declaration of Noninfringement of U.S. Patent No. 9,024,418

60.   Apple restates and incorporates by reference each of the allegations set forth above.

61.   Qualcomm purports to charge Apple with infringement of the '037 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 5.)

62.   No asserted claim of the '418 patent has been or is infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

63.   For example, Qualcomm purports to charge Apple with infringement of claims 1, 12, and 17 of the '418 patent.  Claims 1, 12, and 17 of the '418 patent read as follows (claim element enumeration added for convenience):

| Claim 1 | |
|---|---|
| [a] | A circuit comprising: |
| [b] | a first gate layer arranged according to a gate layer pitch between a second gate layer and a third gate layer; |
| [c] | a first gate-directed local interconnect arranged between the first gate layer and the second gate layer; |
| [d] | a second gate-directed local interconnect arranged between the first gate layer and the third gate layer; and |
| [e] | a diffusion-directed local interconnect layer configured to couple the first gate layer to one of the first and second gate-directed local interconnects, wherein the first gate-directed local interconnect, the second gate-directed local interconnect, and the diffusion-directed local interconnect are all located between a lower-most metal layer and a semiconductor substrate for the circuit. |

| Claim 12 | |
|---|---|
| [a] | A method, comprising: |
| [b] | forming a first gate layer over a semiconductor substrate according to a gate layer pitch between adjacent second and third gate layers; |
| [c] | forming a first gate-directed local interconnect between the first gate layer and the second gate layer; |
| [d] | forming a second gate-directed local interconnect between the first gate layer and the third gate layer; and |
| [e] | forming a diffusion-directed local interconnect to couple one of the first and second gate-connected local interconnects to the first gate layer, wherein the first gate-directed local interconnect, the second gate-directed local interconnect, and the diffusion-directed local interconnect are all located |

| | between the semiconductor substrate and an adjacent lower-most metal layer. |
|---|---|

| **Claim 17** | |
|---|---|
| [a] | A circuit comprising: |
| [b] | a continuous diffusion region within a semiconductor substrate; |
| [c] | a pair of gate layers configured to form gates for a pair of transistors having source/drain terminals in the continuous diffusion region; |
| [d] | a third gate layer arranged between the pair of gate layers to form a gate for a blocking transistor; |
| [e] | a gate-directed local interconnect configured to couple to a drain/source terminal for a transistor in the pair of transistors; and |
| [f] | means for coupling the gate-directed local interconnect to the third gate layer, wherein the gate-directed local interconnect and the means are both located between the semiconductor substrate and an adjacent lower-most metal layer. |

64.   Claims 1, 12, and 17 of the '418 patent have not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, Apple's products do not satisfy at least one of the following claim limitations 1[e], 12[e], and 17[f].

65.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '418 patent.

## COUNT XII

## Declaration of Invalidity of U.S. Patent No. 9,024,418

66.   One or more claims of the '418 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§

101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, the representative claim, claim 1, of the '418 patent is anticipated and/or rendered obvious in view of U.S. Patent No. 7,920,403.

67.   U.S. Patent No. 7,920,403 issued on April 5, 2011 from an application that was filed on February 28, 2008 and published on July 17, 2008.  Because the publication date of this reference predates the earliest application to which the '418 patent claims priority by more than one year, it qualifies as prior art under at least 35 U.S.C. § 102(b).

68.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '418 patent is invalid.

## JURY DEMAND

Apple demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief, as follows:

A.   A declaration that Apple has not infringed and does not infringe any valid and enforceable claim of the '861, '591, '865, '043, '132, and '418 patents;

B.   A declaration that the '861, '591, '865, '043, '132, and '418 patents are invalid;

C.   As an alternative, for any of the '861, '591, '865, '043, '132, and '418 patents found to be actually infringed by Apple and not invalid, unenforceable or already licensed, and to the extent that the jury does not award a paid-up royalty for such patent(s), a determination of a prospective royalty (*see Paice LLC v. Toyota Motor Corp.*, 503 F.3d 1293 (Fed. Cir. 2007));

D.   An order barring Qualcomm and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement

of the '861, '591, '865, '043, '132, and '418 patents against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

E.      An award of expenses, costs, and disbursement in this action, including prejudgment interest;

F.      An order declaring that this is an exceptional case and awarding Apple its reasonable attorney fees under 35 U.S.C. § 285; and

G.      Such other and additional relief as this Court may deem just and proper

Dated:  January 22, 2018                Respectfully submitted,

By: /s/ Michael A. Amon
          Juanita R. Brooks, SBN 75934
          brooks@fr.com
          Jason W. Wolff, SBN 215819
          wolff@fr.com
          Seth M. Sproul, SBN 217711
          sproul@fr.com
          Michael A. Amon, SBN 226221
          amon@fr.com
          Fish & Richardson P.C.
          12390 El Camino Real
          San Diego, CA 92130
          Phone:  858-678-5070 / Fax:  858-678-5099

          Ruffin B. Cordell, DC Bar No. 445801
          appearing pro hac vice
          cordell@fr.com
          Lauren A. Degnan, DC Bar No. 452421
          appearing pro hac vice
          degnan@fr.com
          Fish & Richardson P.C.
          The McPherson Building
          901 15th Street, N.W., 7th Floor
          Washington, D.C.  20005
          Phone:  202-783-5070 / Fax:  202-783-2331

          Benjamin C. Elacqua, TX Bar No. 24055443
          appearing pro hac vice
          elacqua@fr.com
          Fish & Richardson P.C.
          1221 McKinney Street, Suite 2800
          Houston, TX  77010
          Phone:  713-654-5300 / Fax:  713-652-0109

Noah C. Graubart, GA Bar No. 141862
*appearing pro hac vice*
graubart@fr.com
Erin P. Alper, GA Bar No. 940408
*appearing pro hac vice*
alper@fr.com
Jacqueline Tio, GA Bar No. 940376
*appearing pro hac vice*
tio@fr.com
Fish & Richardson P.C.
1180 Peachtree Street N.E., 21st floor
Atlanta, GA 30309
Phone:  404-892-5005/ Fax:  404-892-5002

Betty H. Chen, SBN 290588
bchen@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone:  650-893-5070/ Fax:  650-893-5071

***Attorneys for Defendant Apple Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system pursuant to Local Rule 5.4(d).


Dated:  January 22, 2018          _/s/ Michael A. Amon_____