UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>Defendant. | Case No.: 3:17-cv-2402-CAB-MDD<br><br>**ORDER ON MOTION TO STAY**<br>**[Doc. No. 172]** |

Defendant Apple, Inc., has filed a motion to stay litigation while the patents at issue are under petition for *Inter Partes* Review ("IPR") by the U.S. Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO"). The Court finds the motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion is granted.

**I.   Background**

On November 29, 2017, plaintiff Qualcomm Inc., filed a complaint against Apple, asserting infringement of United States Patents Nos. 7,834,591 ("the '591 patent"); 8,229,043 ("the '043 patent"); 8,447,132 ("the '132 patent"); 8,768,865 ("the '865 patent"); 8,971,861 ("the '861 patent"); and 9,024,418 ("the '418 patent"). [Doc. No. 1.] Following a joint motion to extend Apple's time to file a responsive pleading, Apple

answered on January 22, 2018. [Doc No. 47.] The Court held a case management conference on February 7, 2018, at which time Apple represented it intended to seek IPR on all of the asserted patents and indicated an expectation of filing the applications with the PTAB within the next two months. [Doc No. 60.]

The parties were directed to proceed with the exchange of infringement and invalidity contentions pursuant to this District's Local Patent Rules. Dates were set for the filing of claim construction briefs, and a tutorial and claim construction hearing was scheduled for September 12 and 13, 2018. On July 31, 2018, however, Apple filed the instant motion [Doc. No. 172] for a stay based on its filed applications for IPR of all the patents asserted in the litigation.[1] Qualcomm filed an opposition to the motion to stay on August 21, 2018. [Doc. No. 178.] Apple filed a reply on August 28, 2018. [Doc. No. 187.]

Apple has petitioned for review of all the asserted claims of the six patents at issue in this case with the exception of three asserted claims in the '132 patent. The PTAB's decisions whether to institute will not issue until February 2019 and may not result in institution of IPR as to any of the patents. Nevertheless, the Court finds it a prudent exercise of resources to temporarily stay this matter until the PTAB decides whether to institute IPR.

## II. Legal Standard

Courts have inherent power to manage their dockets and stay proceedings. The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the case before the court. *See Comcast Cable Commc'ns Corp. LLC v. Finisar Corp.*, No. 06-cv-04206-WHA, 2007

---

[1] Regarding the '043 patent, the petition for IPR was filed by Intel Corporation, identifying Apple as another real-party-interest to the challenge. Consequently, Apple is subject to estoppel under 35 U.S.C. § 315 (e) as to any invalidity challenges raised, or that reasonably could have been raised, in Intel's IPR. The Court therefore does not consider Apple's representation that it has petitioned for the review of the '043 patent as incorrect.

WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighted in each instance against the possible drawbacks.").

Courts generally consider three factors to determine whether to impose a stay pending parallel proceedings in the PTAB: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* No. 12-cv-2777-GPC-BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014) (citing *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). Judicial consideration is not limited to these factors, but rather can include a review of totality of the circumstances. A court's consideration of a motion to stay should be guided by "the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

### III. Discussion

### A. Simplification of Issues and Trial

Apple has petitioned for review of all the asserted claims of the patents at issue, with the previously noted exception of three claims of the '132 patent. Decisions whether to institute on each of these petitions will necessarily impact the scope of the issues for litigation and trial. Should the PTAB institute on any one or more of the petitions, those patents and all their asserted claims will be subject to review "in accordance with or in conformance to the petition." *SAS Inst., Inc. v. Iancu,* 138 S.Ct. 1348, 1355 (2018) (whether to institute an *inter partes* review is a binary choice – "either institute review or don't"). As a result, for any petition on which the PTAB institutes IPR, each of the challenged claims will either (1) be confirmed, estopping Apple from asserting invalidity challenges in this case that it raised or could reasonably have raised in the IPR, or (2) be invalidated, reducing the number of issues before the Court.

3

3:17-cv-2402-CAB-MDD

This factor weighs in favor of a limited stay of proceedings until the PTAB issues its decisions on whether to institute IPR. *See e.g., Wi-Lan Inc. v. LG Elecs. Inc*., No. 3:17-cv-00358-BEN-MDD, 2018 WL 2392161, at*2 (S.D. Cal May 22, 2018) (while review is not guaranteed and, therefore, the benefits of review are only speculative at this juncture, in light of the Supreme Court's mandate to review all contested claims upon a grant of IPR and the complexity of this case the Court finds this factor weighs in favor of a limited stay); *Nichia Corp. v. Vizio, Inc*., SA CV 18-00362 AG (KESx), 2018 WL 2448098, at *2-3 (C.D. Cal. May 21, 2018) (Vizio filed IPR petitions on all the asserted claims, and although the potential for simplification was speculative at the time, the Court determined the stay would be relatively short and the action could continue with minimal delay if institution was denied); *Am. GNC Corp. v. LG Elecs. Inc.,* No. 3:17-cv-1090-BAS-BLM, 2018 WL 1250876, at *3 (S.D. Cal. March 12, 2018) (if the court were to wait for the PTAB to accept the IPR petitions before staying the case, the court risks wasting resources; the limited nature of a stay outweighs the risk of unnecessary expenditure of resources before the determination to institute or not).

In this case with six patents and numerous claims at issue, the PTAB's decisions whether to institute will impact the contours of the case. If the PTAB institutes and cancels all the asserted claims of any patent, it will remove that patent from the case, thereby significantly reducing the scope of this litigation. Alternatively, if the PTAB declines to institute or institutes and confirms any patent, statutory estoppel may simplify the assertion of invalidity defenses. This factor favors a temporary stay.

**B. Timing**

Regarding the stage of the proceedings, courts consider timing issues such as whether discovery is complete, the status of claim construction, and whether a trial date has been set. *Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013). Since the case management conference in February 2018, the parties have engaged in motion practice regarding the pleadings, exchanged infringement and invalidity contentions, provided discovery responses, and submitted

briefing for the claim construction hearing. The Court is cognizant of the resources expended by the parties to prepare for the scheduled claim construction hearing, but the hearing has not occurred yet and the Court has not construed the claims. Moreover, Qualcomm's submissions to the PTAB in response to Apple's IPR petitions may inform the construction of disputed claim terms. *See Core Optical Techs, LLC v. Fujitsu Network Commc'ns, Inc.,* No. SA CV 16-00437-AG (JPRx), 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016) (even if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction).

Significant fact and expert discovery and dispositive motion practice are still ahead. A pretrial conference is presently scheduled for June 2019, but no trial date has been set. [Doc. No. 108.] Trial is not imminent and the majority of fact and expert discovery is still to be completed. The stage of the proceedings does not weigh against issuing a temporary stay. *See, e.g., TAS Energy, Inc.,* 2014 WL 794215, at *3 ("While the case is not in its early stages, it is in the midst of discovery and no trial date has been set. Moreover, significant amount of work still remains such as expert discovery, summary judgment motions and trial."); *PersonalWeb Techs, LLC, v. Facebook, Inc.,* Case Nos. 5:13-CV-01356-EJD; 5:13-CV-01358-EJD; 5:13-CV-01359-EJD, 2014 WL 116340, at *4 (N.D. Cal Jan. 13, 2014) (stating that case was not so far advanced that a stay would be improper where parties had not yet engaged in significant costly work of expert discovery and summary judgment motions, and the pretrial conference was still six months away); *Am. GNC Corp.,* 2018 WL 1250876, at *2 (that the parties have completed certain benchmarks under the Patent Local Rules does not mean the case has progressed so significantly that a stay would be improper).

This factor favors a temporary stay.

**C. Undue Prejudice or Clear Tactical Advantage**

Despite the fact that the petitions were not filed as expeditiously as anticipated in Apple's case management statement [Doc. No. 60], based on the number of patents and claims involved, the Court does not conclude that the additional time taken to prepare and

file the applications was the result of tactical delay. Moreover, a delay inherent in the reexamination process does not constitute undue prejudice. *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1054 (N.D. Cal 2011); *Research in Motion Ltd., v. Visto Corp.,* 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (mere delay in the litigation does not establish undue prejudice). Finally, because Apple and Qualcomm are not direct competitors, any harm from a stay can be addressed through damages. *PersonalWeb Techs, LLC,* 2014 WL 116340, at *5.

The Court notes that with regard to at least the '043 patent, Qualcomm contends that transceiver integrated circuits allegedly covered by the '043 patent are provided to Apple by Intel in competition with Qualcomm. It argues that for purposes of evaluating prejudice, Apple and Qualcomm are therefore competing in the same market to some degree. [Doc. No. 178, at 24-25.] The Court is not persuaded that competition between Intel and Qualcomm for Apple as a customer makes Apple and Qualcomm indirect competitors.

This fact pattern is similar to the relationship between the patentee and alleged infringer in *Nichia Corp. v. Vizio, Inc.*, SA CV 16-00545 SJO (MRWx), 2017 WL 3485767, at *6 (C.D. Cal. Feb. 2, 2017). Nichia was one of the largest LED manufacturers in the world. Vizio sold televisions that contained LEDs alleged to infringe Nichia's patents, but it did not manufacture the accused LEDs. Therefore, Vizio was a downstream customer of LEDs rather than a direct competitor in the market for LEDs. The court found that there was no risk of Vizio acquiring market share or customers from Nichia during a stay and that monetary damages would adequately compensate Nichia for any infringement. *Id*. Similarly, the Court finds no risk of Apple acquiring Qualcomm's market share or customers for transceiver integrated circuits.

This factor favors a temporary stay.

**IV. Conclusion**

The Court finds Apple's motion for stay timely and that staying this case will not cause Qualcomm undue prejudice. Further PTAB's decisions to institute IPR may simplify the case and may further inform the Court on matters of claim construction. Apple's

6

3:17-cv-2402-CAB-MDD

motion for a stay is therefore **GRANTED** pending the PTAB's decisions whether to institute IPR.

As the Court has previously noted, the patents in this case are diverse. They are from unrelated families and cover divergent technologies. The PTAB may decide to institute IPR as to all, some, or none of these patents. The litigation is hereby stayed until those determinations are made. As the patents do not overlap and are independent of each other, litigation will commence again immediately for any patents on which IPR is not instituted, and the Court will promptly reschedule the claim construction hearing as to those patents. The parties shall jointly notify the Court immediately of the PTAB's decisions whether to institute as to each patent as the decisions are individually received.

It is **SO ORDERED**.

Dated: August 29, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

7

3:17-cv-2402-CAB-MDD